IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR94 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ESTRELLA ALBA-CRUZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 88) issued by Magistrate Judge F.A. Gossett recommending denial of the Motion to Suppress filed by the Defendant, Estrella Alba-Cruz (Filing No. 66). Alba-Cruz filed a statement of objections[1] to the Report and Recommendation and a supporting brief (Filing Nos. 93, 94) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Alba-Cruz is charged in an Indictment with: conspiracy to distribute and possess with intent to distribute methamphetamine (Count I); distribution and possession with intent to distribute methamphetamine (Count V); being an illegal alien in possession of a firearm (Count VI); and criminal forfeiture (Count VII).

Following an evidentiary hearing, Judge Gossett issued a Report and Recommendation in which he concluded that the Defendant voluntarily consented orally and in writing to the search of her residence.

On the basis of these determinations, Judge Gossett recommends that the Defendant's Motion to Suppress be denied.

---

[1]The objections are captioned as an "appeal."

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided a detailed account of the events surrounding the events relevant to the Defendant's speedy trial calculation. The Court has considered the transcript of the hearing conducted by the Magistrate Judge (Filing No. 81). The Court also carefully viewed the evidence (Filing No. 79). Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's factual findings in their entirety.

## FACTUAL BACKGROUND

The facts are fully set out by Judge Gossett in his Report and Recommendation. Briefly, the situation involves a "knock-and-talk" at the Defendant's residence. The Defendant allowed the officers entry to her home. Officer Brian Heath spoke in Spanish to the Defendant, and she has not argued that she did not understand the officers. The testimony of Officer Heath and the Defendant conflict with respect to whether the Defendant was told that it would be better for her to "cooperate." The Defendant first orally consented to the search and then signed a Spanish consent-to-search form. (Ex. 1.) The Defendant was not told that she had a right to refuse consent.

**ANALYSIS**

The Defendant objects to Judge Gossett's conclusion that she voluntarily consented to the search orally and in writing. Alba-Cruz relies on the factors set out in *United States v. Chaidez,* 906 F.2d 377, 381 (8th Cir. 1990), arguing that she has a limited education, her two young children were coming in and out of the room, the lack of advice that she could refuse consent, she "never had a problem" with law enforcement in the past, the record is silent as to the time period officers were in the residence before Officer Heath and two more officers approached, as an illegal alien and a small woman she was intimidated by the number of officers and police vehicles at her home, for "all practical purposes" she was under arrest when she consented, and she was told that things would go better if she cooperated.

Although the Defendant testified, the record is silent with respect to many issues raised by the Defendant, including the Defendant's educational background, any distress on the part of her children, that she did not feel free to leave before she consented, her criminal history or any prior contacts with law enforcement, whether officers were in the residence for a lengthy period of time, the Defendant's status with immigration, the Defendant's size, and whether she was intimidated by the number of officers and vehicles. No legal support is offered for the argument that young children coming in and out of the area where the Defendant was is akin to being under the influence of drugs or alcohol, as argued by the Defendant. In short, the record does not support the Defendant's arguments.

Additionally, advice that a suspect is not required to consent to a warrantless search is not required. *United States v. Va Lerie,* 424 F.3d 694, 710 (8th Cir. 2005 (quoting *United States v. Drayton,* 536 U.S. 194, 206 (2002)). This factor, though significant, is not determinative in deciding whether consent was voluntarily given. *United States v. Zamoran-Coronel,* 231 F.3d 466, 470 (8th Cir. 2000).

And finally, after a de novo review of the entire record including the transcript and exhibit, the Court agrees with Judge Gossett's credibility-finding that Officer Heath's testimony is more credible than the Defendant's with respect to whether the Defendant was told that things would go better for her if she cooperated. The Court bases its credibility-finding on the following: the Defendant's testimony was very limited and self-serving; Officer Heath's testimony was thorough and detailed; the rest of the record does not support the Defendant's testimony; and the record shows an absence of any explicit promises or threats made to obtain the Defendant's consent. Specifically, Officer Heath testified that he made no such promises or threats (Tr. 25:25-26:2), and the Defendant did not contradict this testimony.

## CONCLUSION

In conclusion, after considering the factors addressed in *Chaidez,* 906 F.2d at 381, the Court concludes that Alba-Cruz voluntarily consented both orally and in writing to the search of her residence. Therefore, the Defendant's Motion to Suppress is denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 88) is adopted in its entirety;

2. The statement of objections to the Report and Recommendation (Filing No. 93) is overruled; and

3. The Defendant's Motion to Suppress (Filing No. 66) is denied.

DATED this 1st day of November, 2005.

                                            BY THE COURT:

                                            s/Laurie Smith Camp
                                            United States District Judge